# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| CENECA EUELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:24-cv-50046 |
| | ) | |
| v. | ) | |
| | ) | |
| BERNER FOOD & BEVERAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Ceneca Euell ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Berner Food & Beverage LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Ceneca Euell, resided in Stephenson County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Berner Food & Beverage LLC, was a foreign limited liability company doing business in and for Stephenson County whose address is 2034 East Factory Road, Dakota, IL 61018.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

2

affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

12. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

13. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## BACKGROUND FACTS

14. Plaintiff worked for Defendant as a Maintenance tech from in or around May 2022, until his unlawful termination on or around March 6, 2023.

15. The essential functions of Plaintiff's job included but were not limited to:

- Documenting all maintenance activities;
- Performing emergency repairs;
- Handling incoming work order requests; and
- Diligently following safety protocols.

16. Plaintiff suffers from a physical impairment that substantially limits one or more major life activities.

17. Plaintiff is diagnosed with syncope which causes symptoms in manifest in the form of random fainting spells.

18. Regardless of Plaintiff's disability, he was qualified to perform the essential functions of his job with or without accommodations.

19. Plaintiff is a "qualified individual" as defined under the ADA.

20. Since the very beginning of Plaintiff's employment, Defendant was aware of Plaintiff's disability.

21. However, on March 6, 2023, Plaintiff decided to request reasonable accommodations to avoid high places or working on ladders as outlined by restrictions placed by

3

Plaintiff's doctor.

22. However, Defendant did not engage in interactive process.

23. Instead, after Plaintiff submitted his request for reasonable accommodations by way of a medical letter addressed to Defendant's Human Resources Representative, Cory Reed, Plaintiff was immediately told "we don't have anything here for you, you are dismissed until you can provide full clearance."

24. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for avoiding working on high places or ladders.

25. The denial of Plaintiff's requested accommodation left Plaintiff confused as there were numerous job tasks within the company that Plaintiff could have performed without issue.

26. Plaintiff was completely devastated by Defendant's failure to engage in the interactive process of providing reasonable accommodations.

27. As such, Plaintiff requested FMLA leave in order to preserve his employment.

28. The FMLA was granted by Defendant.

29. However, on June 5, 2023, Plaintiff received a phone call from Cory Reed informing Plaintiff that he was terminated because Defendant was unable to accommodate his disability.

30. Plaintiff attempted to explain to Cory Reed that he planned on returning to work in just a few weeks when Plaintiff's FMLA leave ended.

31. Unfortunately, Plaintiff's pleas to keep his job were denied.

32. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

33. Ultimately, on or about June 5, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

34. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

37. Plaintiff met or exceeded performance expectations.

38. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

39. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

40. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

41. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

42. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

46. Plaintiff is a qualified individual with a disability.

47. Defendant was aware of the disability and the need for accommodations.

48. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

49. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

50. Defendant did not accommodate Plaintiff's disability.

51. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

52. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Disability-Based Harassment)

54. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

55. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

56. Defendant knew or should have known of the harassment.

57. The disability-based harassment was severe or pervasive.

58. The disability-based harassment was offensive subjectively and objectively.

59. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Americans with Disabilities Act
### (Retaliation)

62. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

63. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

64. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

65. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

66. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

67. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

68. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

70. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

71. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

72. Defendant terminated Plaintiff because he requested and took FMLA leave as described above.

73. Specifically, Plaintiff requested FMLA leave when he explained that he had a condition that was severe or life threatening.

74. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

75. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

76. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th day of January, 2024.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*